UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH LILI SIMPSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DOUG BURGUM, Secretary of the United States Department of the Interior; JON RABY, Acting Director of the Bureau of Land Management; JUNE SHOEMAKER, Acting Idaho State Director of the Bureau of Land Management; BIRK ROSEMAN, Twin Falls District Manager for the Twin Falls District, Idaho, Bureau of Land Management; and LISA CRESSWELL, Acting Shoshone Field Office Manager for the Shoshone Field Office, Twin Falls District, Idaho, Bureau of Land Management,<br><br>　　　　Defendants. | Case No.  1:24-cv-00536-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the unopposed Motion to Intervene brought by Plaintiff/Intervenor Friends of Lee's Gulch (Dkt. 9). For the reasons described below, the Court will grant the Motion.

## BACKGROUND

Plaintiff Elizabeth Simpson filed this action in November 2024 to challenge a decision by the Department of the Interior to authorize the construction, use, and

maintenance of 81.4 miles of trails in the Wood River Valley Recreation and Access (WRVRA) planning area, most which will be open to e-bikes. Ms. Simpson, a wildlife protection activist living nearby, unsuccessfully challenged the Agency Decision before the Interior Board of Land Appeals, arguing that it would cause irreparable harm to big game in the area. She now seeks judicial review of the Agency Decision on the following issue:

> whether the Defendants violated the land use planning statute in the Federal Land Policy and Management Act, 43 U.S.C. § 1712(a) ("FLPMA"), and the land use planning regulations in the Off-Road Vehicle Regulations, 43 C.F.R. §§ 8342.1, 8342.2(b), when the Agency Decision changed the ORV "Open area", ORV "Closed area", and/or ORV "Limited area" designations prescribed in the land use plan, as amended, without any land use plan amendment to change such ORV designations.

*Compl.* ¶ 2, Dkt. 1.

In February 2025, prior to the issuance of a scheduling order, Friends of Lee's Gulch filed the present Motion to Intervene. Friends of Lee's Gulch is an unincorporated association comprised of Blaine County residents who live in or near Lee's Gulch, which is within the WRVRA. Members of the association regularly use Lee's Gulch for horseback riding and hiking, and they allege that the planned e-bike trails will interfere with these activities. They seek to intervene as a plaintiff in this action to protect their specific and distinct interest in Lee's Gulch. Neither Plaintiff Simpson nor Defendants oppose the intervention.

**LEGAL STANDARD**

An applicant may intervene as a matter of right if four conditions are met: (1) the motion is timely; (2) the applicant asserts a significantly protectable interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant is situated such that disposition of the action may as a practical matter impair or impede the interest; and (4) the applicant's interest are inadequately represented by the parties. Fed. R. Civ. P. 24(a); *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094, 1107–08 (9th Cir. 2002). These requirements "are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

If a prospective intervenor fails to satisfy the conditions for intervening as a matter of right, the Court still has discretion to permit intervention if (1) the intervenor shares a common question of law or fact with the main action; (2) the motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman,* 159 F.3d 405, 412 (9th Cir. 1998). The Court must also consider "whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*

**ANALYSIS**

Friends of Lee's Gulch meets all the requirements to intervene in this action as a matter of right.

First, the motion is timely. Timeliness depends on "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). This case is still in its earliest stages, with discovery yet to commence. None of the current parties argue that they will be prejudiced by the intervention.

Second, Friends of Lee's Gulch has a "significantly protectable interest" in the proceedings. This element is deliberately broad: "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and no specific legal or equitable interest need be established." *Citizens for Balanced Use*, 647 F.3d at 897 (internal citations and quotation marks omitted). The declarations filed with the Motion to Intervene establish that Friends of Lee's Gulch has protectable interests in the WRVRA decision as it applies to the authorization of e-bikes in Lee's Gulch. *See Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1179 (9th Cir. 2000) ("The recreational or aesthetic enjoyment of federal lands is a legally protected interest. . . .").

Third, relatedly, Friends of Lee's Gulch's interests will, as a practical matter, be impaired by the disposition of the matter. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Ctr. for Biological Diversity v. Berg*, 268

F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). Approval of the WRVRA would result in the closure of current hiking and horseback riding trails, and allow high-speed e-bikes on new trails. This would impair Friends of Lee's Gulch's interest in its members enjoyment of federal lands.

Finally, Plaintiff Simpson does not adequately represent the interests of Friends of Lee's Gulch. To assess this element, courts consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Here, while there is overlap between Plaintiff Simpson's complaint and the proposed complaint in intervention, Friends of Lee's Gulch has a narrow focus on the authorization of e-bikes in Lee's Gulch and the effect of that decision on members' recreational enjoyment. Plaintiff Simpson, in contrast, challenges the entire WRVRA plan based primarily on its impact on wildlife in the area. These interests are different enough that Plaintiff Simpson cannot be expected to make the same arguments as Friends of Lee's Gulch.

For these reasons, Friends of Lee's Gulch may intervene as a matter of right.

MEMORANDUM DECISION AND ORDER - 5

## ORDER

**IT IS ORDERED that:**

1. Plaintiff/Intervenor's unopposed Motion to Intervene (Dkt. 9) is **GRANTED**.

DATED: April 15, 2025

B. Lynn Winmill
U.S. District Court Judge