UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH LILI SIMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOUG BURGUM, Secretary of the United States Department of the Interior; JON RABY, Acting Director of the Bureau of Land Management; JUNE SHOEMAKER, Acting Idaho State Director of the Bureau of Land Management; BIRK ROSEMAN, Twin Falls District Manager for the Twin Falls District, Idaho, Bureau of Land Management; and LISA CRESSWELL, Acting Shoshone Field Office Manager for the Shoshone Field Office, Twin Falls District, Idaho, Bureau of Land Management,<br><br>　　　　Defendants. | Case No.  1:24-cv-00536-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Motion to Dismiss Complaint in Intervention (Dkt. 38-1). For the reasons set out below, the Court will deny the motion.

## BACKGROUND

This case concerns a plan by the Bureau of Land Management to develop e-bike trails in the Wood River Valley, including Lee's Gulch. Plaintiff Elizabeth

Simpson, a wildlife conservation activist, filed suit in November 2024 after the Interior Board of Land Appeals (IBLA) denied her appeal of the Agency Decision regarding the Wood River Valley Recreation and Access Area. Friends of Lee's Gulch, an unincorporated association, intervened as a plaintiff shortly after. *See* Dkt. 31. The Complaint in Intervention focuses on the problems with allowing e-bikes in Lee's Gulch, which Plaintiff-Intervenor argues will disrupt and endanger other users. Defendants seek to dismiss the Complaint in Intervention.

    BLM initiated the Wood River Recreation and Access Project in 2019 and published a draft Environmental Assessment (EA) for public comment in 2020. The draft EA divided the proposed new trails into four categories: "Motorized," "Motorized Class 1 e-bikes," "Motorized Class 1, 2, and 3 e-bikes," and "Non-Motorized (No e-bikes)." AR_000753.[1] Friends of Lee's Gulch did not exist as an association at that time, but five now-members submitted comments arguing that the area should remain nonmotorized. Chase Gouley, Mary Mills, and Laurie Yeager each said that the trails should remain non-motorized to protect hikers and horseback riders, among other issues. AR_001333, 1336, 1340. Richard Gouley submitted a comment focused on the need to protect wildlife, and Jim Laski cited

---

[1] The Court takes judicial notice of the draft EA and comments contained in the Administrative Record, Dkt. 37. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (the Court may consider "matters properly subject to judicial notice" when ruling on a motion to dismiss under Ruel 12(b)(6)).

ORDER - 2

issues with public access. AR_000884, 1334.

BLM ultimately decided to open Lee's Gulch to class 1, 2, and 3 e-bikes. In the Record of Decision, the agency stated that this would sufficiently preserve the quiet of Lee's Gulch. AR_001736. BLM also indicated it would protect wildlife through "annual and conditional temporary restrictions," and manage conflict between users through outreach and education. AR_001736. No members of Friends of Lee's Gulch appealed the Agency Decision.

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Failure to exhaust administrative remedies is a valid basis for dismissal under Rule 12(b)(6) in the Ninth Circuit. *See Anderson v. Babbitt*, 230 F.3d 1158, 1162 (9th Cir. 2000). This Court has determined that dismissal based on the related doctrine of administrative waiver can also be properly brought under Rule 12(b)(6) in some circumstances. *All. for Wild Rockies v. U.S. Forest Serv.*, 718 F. Supp. 3d 1292, 1299 (D. Idaho 2024).

## ANALYSIS

Defendants raise two bases for dismissal. First, Plaintiff-Intervenor failed to participate in the public comment and thereby waived its claims. Second, Plaintiff-

Intervenor failed to exhaust administrative remedies because it did not appeal to IBLA. Waiver and exhaustion are "related but distinct doctrines." *All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 488 (9th Cir. 2023). Administrative waiver "only forecloses arguments that may be raised on judicial review," while the exhaustion of remedies requirement forecloses judicial review entirely. *Id.* (quoting *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1020 (9th Cir. 2004)).

## A. Exhaustion

The Court begins with the administrative exhaustion argument, which is the most legally complex. Under the Administrative Procedure Act (APA), agencies have limited authority to require parties to exhaust administrative remedies before seeking review in federal court. 5 U.S.C. § 704 ("[F]inal agency action for which there is no other adequate remedy in a court [is] subject to judicial review."). To satisfy the APA, an agency that mandates an administrative appeal must also "provide[] that the action meanwhile is inoperative." *Id.* In *Darby v. Cisneros*, 509 U.S. 137 (1993), the Supreme Court held that courts cannot impose a broader exhaustion requirement. Thus, administrative exhaustion is necessary "*only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review." *Id.* at 153.

In the present case, Plaintiff-Intervenor was not required to appeal to the IBLA because the relevant Department of the Interior regulations do not provide

for an automatic stay pending appeal. Both parties agree that 43 C.F.R. § 4.21(a) satisfies the first element of *Darby* because it mandates an administrative appeal. But the second element is more complicated. Under 43 C.F.R. § 4.405(a)(2), a decision becomes effective "on the day after the expiration of the time during which a person or entity adversely affected may file a notice of appeal unless a petition for a stay pending appeal is filed at the same time as a timely notice of appeal." If a petition for a stay is pending, the decision goes into effect upon denial of the petition or 45 days after the deadline for filing an appeal. § 4.405(a)(3). In other words, the administrative action is temporarily ineffective pending review of the stay petition, but not necessarily pending the appeal itself.

Although the question is somewhat close, the regulations do not render the decision inoperative pending appeal, as required by 5 U.S.C. § 704 and *Darby*. First, § 4.21 does not require a party to seek a stay to exhaust administrative remedies, only to file an appeal. This scheme arguably fails under *Darby* simply because a stay petition is optional—not "require[d] by rule"—and the decision otherwise becomes effective pending review. *See* § 704. In other words, an appeal alone—the only form of administrative exhaustion mandated by § 4.21—can never prevent the decision from going into effect. But even if § 4.21 is read to include a stay petition in its exhaustion requirements, judicial review is nonetheless available because the regulation provides for only a discretionary stay. Under a plain reading

ORDER - 5

of the APA, this is not enough. To require administrative exhaustion, the agency must "provide[] that the action meanwhile *is* inoperative" pending appeal, not that the action might be deemed inoperative at the discretion of the agency. § 704 (emphasis added).

Though Defendants contend otherwise, case law supports this reading of the APA. The Ninth Circuit has not taken up this issue, but it addressed a related question in *Idaho Watersheds Project v. Hahn*, 307 F.3d 815 (9th Cir. 2002), *abrogated on other grounds*, *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7 (2008). That case involved a challenge to grazing permits, and the court analyzed an earlier version of § 4.21 that expressly required aggrieved parties to appeal and petition for a stay before seeking judicial review. However, due to the particulars of grazing regulations, a stay was effectively meaningless, and the challenged grazing use would typically continue pending the appeal. *Id.* at 826. The court held that exhaustion was not required because the regulations did not "provide for rendering the agency's decision inoperative pending appeal." *Id.* at 827. Although *Hahn* is distinct due to the grazing context, it suggests that courts must strictly read the APA's inoperability requirements. *See id.* at 827-28.

In this vein, most district courts have concluded that a discretionary stay does not suffice under *Darby*. Analyzing the current version of § 4.21, this Court has held that an appeal to IBLA is unnecessary because the regulations do not

ORDER - 6

"*automatically* stay a decision pending appeal." *W. Watersheds Project v. U.S. Dep't of Interior*, 1:15-cv-00047-REB, 2016 WL 5745094, at *17 (D. Idaho Sept. 30, 2017). As another district court explained, citing *Darby*, "[t]his process vests discretion in the Interior Board of Land Appeals, whereas the APA requires unequivocally that the statute itself must deem an action *inoperative* while administrative appeal is pending." *San Juan Citizens' All. v. Babbitt*, 228 F. Supp. 2d 1224, 1233 (D. Colo. 2002). Several others have reached the same conclusion. *See Mont. Wilderness Ass'n v. Fry*, 310 F. Supp. 3d 1127, 1139 (D. Mont. 2004) ("Because the appeal regulations do not . . . automatically stay a decision pending appeal, the Plaintiffs are not required to exhaust administrative remedies prior to seeking judicial review."); *Dakota Res. Council v. U.S. Dep't of Interior*, 2024 Wl 1239698, at *7 (D.D.C. Mar. 22, 2024); *Or. Natural Desert Ass'n v. Green*, 953 F. Supp. 1133, 1141-42 (D. Or. 1997); *Gifford Pinchot Task Force v. Perez*, No. 03:13-cv-00910, 2014 WL 3019165, at *5 (D. Or. July 3, 2024). On the other side, the Court has only found two unpublished cases, both from the District of Oregon, holding that a party can be required to pursue an administrative appeal in this situation. *See Eason Land Co., LLC v. Sec'y of U.S. Dep't of Interior*, No. 14-CV-00951, 2015 WL 1538501, at *10 (D. Or. Apr. 7, 2015); *Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*, No. 10-CV01331, 2014 WL 4832218, at *2, *11-*13 (D. Or. Sept. 29, 2014).

ORDER - 7

In *Darby*, the Supreme Court emphasized that the judiciary may not impose administrative exhaustion requirements beyond those outlined in the APA. And the APA, in turn, gives an agency the authority to mandate administrative appeals only if the agency also provides that action is inoperative in the meantime. The discretionary stay available under § 4.21 fails to satisfy this measure. For this reason, Plaintiff-Intervenor was not required to exhaust administrative remedies prior to seeking judicial review.

### B. Waiver

The Court now turns to Defendants' waiver argument. The doctrine of waiver reflects the principle that a party may challenge an agency action only if it first alerted the agency to its positions and claims during the administrative process. *City of Sausalito v. O'Neil*, 386 F.3d 1186, 1208 (9th Cir. 2004). The point of the rule is to "protect[] the agency's prerogative to apply its expertise, to correct its own errors, and to create a record for [the court's] review." *Portland Gen. Elec. Co. v. Bonneville Power Admin*, 501 F.3d 1009, 1024 (9th Cir. 2007). Thus, challenging parties "must present timely and 'particular objections' that 'alert the agency to the parties' position and contentions' and allow 'the agency to give the issue meaningful consideration.'" *All. for the Wild Rockies*, 68 F.4th at 489 (quoting *Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 764 (2004)) (cleaned up). But courts also treat administrative waiver with some flexibility. The key

question is whether the agency "had an opportunity to consider the issue . . . even if the issue was considered sua sponte by the agency or was raised by someone other than the petitioning party." *Portland Gen. Elec. Co.*, 501 F.3d at 1024.

Here, the first question is whether Defendants can bring their waiver argument under Rule 12(b)(6). Although the comments on the draft EA are properly subject to judicial notice, Plaintiff-Intervenor argues that the Court must more broadly consider agency deliberations to resolve the issue. That might be true in some situations. Here, however, Defendants' concerns can be addressed without expanding the record, so the Court will proceed to the substance of the argument.

Defendants acknowledge that several members of Friends of Lee's Gulch commented on the draft EA. According to Defendants, these comments objected to motorcycles but not e-bikes, so BLM had no opportunity to address the particular objections now raised in the Complaint in Intervention. But this reading overlooks BLM's explanation of the draft EA. As noted above, BLM proposed four categories of trails, three of which would allow various classes of motorized vehicles, including e-bikes. Only trails classified as "non-motorized" would exclude e-bikes altogether. With this in mind, at least three members commented that Lee's Gulch should remain "non-motorized," thus objecting to e-bike trails by BLM's own definition. *See* AR_001333, 1334 ("[T]he proposed motorized trails in Lee's Gulch are not wanted by the majority of the single-track motorized

ORDER - 9

community . . . ."), 1334 ("All motorized use should be prohibited in Lees Gulch drainage."), 1336 ("Please keep Lees Gulch non motorized . . . ."). One of those commenters, Mary Mills, argued that motorized uses would disrupt and endanger hikers and horseback riders—the exact concerns underlying the Complaint in Intervention.[2] AR_001336 ("[I]n the interest of safety and preservation, I respectfully ask you to consider this one area to remain non-motorized for horses and hikers ONLY[.]").

These are not "cryptic and obscure" objections. *See All. for Wild Rockies*, 68 F.4th at 489. Even without considering Plaintiff Simpson's comment, which specifically discussed e-bikes, members of Friends of Lee's Gulch sufficiently put BLM on notice about the concerns with e-bikes articulated in the Complaint in Intervention. Although overly vague or general statements cannot satisfy waiver requirements, *see id.*, citizens commenting on agencies actions are not required to speak with an attorney's precision. *See Barnes v. U.S. Dep't of Transp.*, 655 F.3d 1124, 1133 (9th Cir. 2011) ("[P]etitioners need not incant certain magic words in order to leave the courtroom door open to a challenge." (cleaned up)). Given the content of the draft EA, the above objections to motorized uses were not so broad

---

[2] The other two commenter who explicitly objected to motorized uses, Chase Gouley and Richard Gouley, focused on wildlife in Lee's Gulch without mentioning effects on hikers and horseback riders. AR_001333, 1334. A fourth commenter, Laurie Yeager, objected motorcycle trails specifically and did not mention other motorized uses. AR_001340. Additionally, Plaintiff Simpson's comment specifically argued that e-bikes would pose problems for hikers and wildlife. AR_001078-79.

as to deprive the agency of an opportunity "to give the issue meaningful consideration." *Pub. Citizen*, 541 U.S. at 764.

Because BLM had notice of the e-bike objections from now-members of Plaintiff-Intervenor, it does not matter that the association itself did not submit a comment. "There is no need for a litigant to have personally raised the issue, so long as the issue was raised by another party and the agency had the opportunity to consider the objection." *Conservation Cong. v. U.S. Forest Serv.*, 555 F. Supp. 2d 1093, 1106 (E.D. Cal. 2008). Friends of Lee's Gulch is an unincorporated associated formed to represent the interests of its members on this narrow matter. If members had not commented on the draft EA, the Court would have concerns about the fairness of allowing Plaintiff-Intervenor to remain in the case. *See WildWest Institute v. Rainville*, No. CV07-466-S-EJL, 2008 WL 11349676, at *4 (D. Idaho Dec. 17, 2008). Under the circumstances, however, nothing would be gained by dismissing Plaintiff-Intervenor and requiring its members to proceed on an individual basis. Such a move would be pointless and inefficient.

Finally, Defendants argue that Plaintiff-Intervenor waived its e-bikes arguments because no one raised the issue with IBLA during the administrative appeal. This would be true if parties were required to exhaust administrative remedies before seeking judicial review. *See id.*; *Conservation Cong.*, 555 F. Supp. 2d 1106-07. But, as explained above, the APA does not require exhaustion in this

situation. Because the parties were not required to appeal to IBLA, it necessarily follows that they were not required to raise this particular issue on appeal.

In short, the comments submitted by now-members of Plaintiff-Intervenor sufficiently alerted BLM to the concerns about e-bikes raised in the Complaint in Intervention. For that reason, Plaintiff-Intervenor has not waived its claims.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Complaint in Intervention (Dkt. 38-1) is **DENIED**.



DATED: September 15, 2025

B. Lynn Winmill
U.S. District Court Judge